IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALI ALMASRI,          )<br>    Plaintiff,    )<br>                        )<br>v.                      )<br>                        )<br>VALERO REFINING COMPANY— )<br>TENNESSEE, LLC,         )<br>    Defendant.    )   | No. 2:20-cv-02863-SHL-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("Report"), filed February 18, 2022. (ECF No. 34.) The Report recommends granting Defendant Valero Refining Company—Tennessee, LLC's ("Valero") Motion for Summary Judgment.

In this case, Plaintiff alleges that Valero discriminated against him based on his national origin and age because it declined to hire him for one of its refinery Operator Trainee positions. (ECF No. 1.) Although Valero's hiring process was largely automated and Plaintiff's resume was reviewed blindly, he argues that he was required to show his photo identification for check-in purposes when he arrived at Valero's onsite location to take a skill assessment test at the start of the job's screening process. (ECF No. 34 at PageID 249-51.) Plaintiff contends that, at this moment, Valero inferred his age and nationality based on his birth date and name, and later rejected his candidacy despite his purported qualifications. (Id. at PageID 252.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for summary judgment. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Plaintiff filed his objections to the Report on March 1, 2022. (ECF No. 35.) There, he seems to argue that the Chief Magistrate Judge and Defendant's counsel conspired against him to reach the Report's recommendation. However, there is not a hint of evidence to support the serious accusation. Therefore, the Court finds it to be meritless.

The remainder of Plaintiff's objections are also meritless. Rather than challenge specific factual findings or recommendations included in the Report, Plaintiff reiterates his argument that Valero rejected his job application after seeing his photo ID and inferring his age and nationality. Additionally, he argues for the first time that Valero knew his nationality because his blind resume included his undergraduate university, which is in Syria—his place of origin. However, without evidence to show that Defendant connected the brief viewing of his ID to his blind resume when considering his application, these allegations are not enough to survive summary judgment. Bell v. Ohio State Uni., 351 F. 3d 240, 247 (6th Cir. 2003) ("To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. A mere scintilla of evidence is insufficient. . ."). More importantly, Plaintiff does not challenge the Report's findings that the undisputed material facts support the conclusion that Valero met its burden to defeat his discrimination claims by articulating a legitimate, non-discriminatory reason for not interviewing and hiring him. (ECF No. 34 at PageID 259, 263.)

Because Plaintiff offers no specific objections to the Report, the Court reviews it using the clear error standard and finds none. Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED,** this 25th day of March, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE